IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GARY GAYLOR, § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | | Case No. 4:13-cv-307 |
| § | | |
| INLAND AMERICAN MCKINNEY § | | |
| TOWNE CROSSING LP, LLC, § | | |
| *Defendant.* § | | |

**MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S MOTION TO STRIKE (DKT. 22) AND REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE ON DEFENDANT'S MOTION TO DISMISS (DKT. 10)**

Pending before the Court is Defendant's Motion to Dismiss (Dkt. 10), Plaintiff's Response (Dkt. 15), and Defendant's Reply (Dkt. 16). The parties have also each supplemented their briefing with supplemental authority (Dkts. 19, 20, 21). Also pending before the Court is Plaintiff's Motion to Strike Defendant's First and Second Notice of Supplemental Authority and Brief in Support (Dkt. 22).

**I. BACKGROUND**

Plaintiff Gary Gaylor is a resident of Georgia. He suffers from multiple sclerosis and relies on either a wheelchair or a cane for mobility. He visited the Dallas-Fort Worth area in November 2012 to find a location to keep his recreational vehicle (RV). Plaintiff alleges that he visits Texas once or twice per year to see family and friends and intends to return in the future to either relocate or maintain a winter residence. Plaintiff alleges that he is in interested in staying at "Spring Creek Village located in Plano, Texas because it is reasonably priced, allows pets and is just five (5) minutes from the Oak Point Park and Nature Preserve)."[1] During his November 2012 trip, Plaintiff visited the Defendant's property at 8900 State Highway 121 in McKinney,

---

[1] Dkt. 6 ¶ 5.

Texas and shopped at the Dollar Tree store. Plaintiff alleges that he encountered difficulties navigating the property because of "(1) inaccessible parking throughout the Property due to excessive slopes within the parking spaces designated as accessible; (2) inaccessible curb cuts throughout the Property due to excessive slopes and side flares; and (3) inaccessible routes and sidewalks due to excessive slopes, cross slopes, and a lack of proper handrails."[2] Plaintiff attached and incorporated photos of the property in his First Amended Complaint (Dkt. 6).

Plaintiff brings this suit alleging violations of Title III of the Americans with Disabilities Act (42 U.S.C. § 12181, *et seq.*) and Chapter 121 of the Texas Human Rights Code. Plaintiff seeks declaratory and injunctive relief as well as attorneys' fees, costs, and expenses. Defendant moves to dismiss the claims under Rules 12(b)(1) and 12(b)(6), arguing that Plaintiff lacks standing to bring these claims and, alternatively, has failed to state a claim for relief.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims."[3] "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking."[4] "Standing-*i.e.*, the need to show that the plaintiffs have a direct, personal stake in the outcome of the suit-is an 'essential and unchanging part' of this case-or-controversy requirement."[5] Standing is a "required element[] of subject matter jurisdiction . . . properly challenged on a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss."[6] "[T]he elements of constitutional standing are: (1) that the plaintiff have suffered an 'injury in fact-an invasion of a legally protected interest which is

---

[2] Dkt. 6 at 4-5.
[3] *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).
[4] *Id.*
[5] *Access 4 All, Inc. v. Wintergreen Commercial P'ship, Ltd.*, No. Civ. A. 3:05-cv-1307-G, 2005 WL 2989307, at *2 (N.D. Tex. Nov. 7, 2005) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).
[6] *Roman Catholic Diocese of Dallas v. Sebelius*, 927 F. Supp. 2d 406, 415 (N.D. Tex. 2013).

(a) concrete and particularized, and (b) actual or imminent'; (2) that there is a 'causal connection between the injury and the conduct complained of'; and (3) that the injury is likely to be redressed by a favorable decision."[7] Plaintiff's standing to seek injunctive relief depends on whether he is "likely to suffer future injury."[8]

A plaintiff's standing can be challenged through a facial attack or a factual attack on the complaint. "In a facial attack, the defendant's motion to dismiss is based on the face of the complaint and the documents attached to the complaint. The court need look only to the sufficiency of the allegations in the complaint, which are presumed to be true, in order to decide a facial attack on standing."[9] An analysis of a facial attack under Rule 12(b)(1) is similar to the analysis of a motion to dismiss under Rule 12(b)(6). However, if a Rule 12(b)(1) motion is supported by evidence, the motion is a factual attack on subject matter jurisdiction, and the court does not presume that the allegations in the complaint are true.[10] When presented with motion to dismiss supported by the evidence, plaintiffs bear the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists.[11] "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."[12]

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."[13] Factual

---

[7] *Fla. Dep't of Ins. V. Chase Bank of Tex. Nat'l Ass'n*, 274 F.3d 924, 929 (5th Cir. 2001) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).
[8] *See City of L.A. v. Lyons*, 461 U.S. 95, 105 (1983).
[9] *In re Parkway Sales & Leasing, Inc.*, 411 B.R. 337, 343 (Bankr. E.D. Tex. 2009).
[10] *Patterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).
[11] *Id.*
[12] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

allegations must be enough to raise a right to relief above the speculative level."[14] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[16] In evaluating a motion to dismiss under Rule 12(b)(6), the court first identifies conclusory allegations and proceeds to disregard them because they are "not entitled to the assumption of truth."[17] Second, the court "consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief."[18] This evaluation is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[19]

To state a plausible claim under Title III of the ADA, a plaintiff must show that (1) he is a disabled individual; (2) that defendant owns, leases, or operates a place of public accommodation; and (3) defendants discriminated against plaintiff within the meaning of the ADA on the basis of his disability.[20] Defendant does not dispute that Plaintiff is disabled and that Defendant owns, leases, or operates a place of public accommodation.[21]

---

[14] *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[15] *Ashcroft*, 556 U.S. at 678.
[16] *Id.*
[17] *Id.* at 679.
[18] *Id.* at 681.
[19] *Id.* at 679.
[20] *See* 42 U.S.C. § 12182(a).
[21] Dkt. 10 at 25.

### III. ANALYSIS

Defendant's motion makes a facial attack on Plaintiff's First Amended Complaint.[22] Defendant argues that Plaintiff has not sufficiently pleaded that he has suffered an injury-in-fact, and that even if he had, he cannot demonstrate that he will suffer an imminent future injury sufficient to establish Plaintiff's standing to pursue his claims. To satisfy his burden at this stage, Plaintiff must show that (1) he suffered an injury-in-fact that is (a) concrete and particularized, and (b) actual or imminent (not hypothetical); (2) that Defendant caused the injury; and (3) this Court can redress the injury.[23]

Plaintiff has alleged that he visited Defendant's property in November 2012.[24] Plaintiff alleges that during his visit he "encountered numerous barriers to disabled access"[25] including (1) inaccessible parking due to excessive slopes within the parking spaces designated as accessible; (2) inaccessible curb cuts due to excessive slopes and side flares; and (3) inaccessible routes and sidewalks due to excessive slopes, cross slopes, and a lack of proper handrails.[26] As a result, Plaintiff contends he "encountered serious difficulty accessing the goods and utilizing the services [at Defendant's property] due to the architectural barriers discussed [in the First Amended Complaint] and pictured in the photographs taken by Plaintiff during the visit."[27] Plaintiff attaches and incorporates photos of specific areas of Defendant's property to his First Amended Complaint,[28] but Plaintiff fails to specify exactly which defects he claims caused him difficulty. Indeed, the photos Plaintiff attached to his First Amended Complaint do not appear to

---

[22] Dkt. 10 at 5 ("Where, as here, a movant facially attacks standing, the court must review the operative complaint by the same standard it would use under Rule 12(b)(6) motion to dismiss.").
[23] *See Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992).
[24] Dkt. 6 ¶ 4.
[25] Dkt. 6 ¶ 6.
[26] Dkt. 6 ¶ 19.
[27] Dkt. 6 ¶ 16.
[28] Dkt. 6-4.

show any "excessive slopes." Further, Defendant points out that Plaintiff's First Amended Complaint is so vague that Defendant cannot determine if it even owns the property of which Plaintiff complains.[29]

Plaintiff has not adequately alleged facts to support his claim that he experienced discrimination at Defendant's property or that he has suffered an actual injury. Plaintiff's claim also fails to plead sufficient factual content to allow the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. Accordingly, Defendant's motion to dismiss under Rules 12(b)(1) and 12(b)(6) should be **GRANTED**.

Defendant has asked the Court to consider the veracity of Plaintiff's allegations and provided the Court with an excerpt of deposition testimony provided by Plaintiff in a different matter (Dkt. 19) suggesting that he does not intend to leave Georgia and affidavit testimony from Curtis Harshaw (Dkt. 21) indicating that Plaintiff did not visit or inquire about renting space for his RV at Spring Creek Village until after Defendant sent a subpoena to Spring Creek Village. Defendant also asks the Court to consider Plaintiff's extensive litigation history.[30] Plaintiff has moved to strike the additional evidence submitted by Defendant (Dkt. 22). At this stage, the Court must take Plaintiff's well-pleaded allegations as true in evaluating Defendant's facial attack under Rule 12(b)(1) and Defendant's Rule 12(b)(6) motion. Because Plaintiff has failed to plead sufficient facts to support his claims, the Court does not need to consider Defendant's supplemental evidence. Plaintiff's Motion to Strike (Dkt. 22) is therefore **DENIED AS MOOT**.

## IV. RECOMMENDATION

The Court recommends that Defendant's Motion to Dismiss (Dkt. 10) be **GRANTED.** The Court also recommends that Plaintiff be granted an additional fourteen days from the date of

---

[29] Dkt. 10 at 25.
[30] Dkt. 10 at 23.

the District Court's order on this matter to amend his pleadings to attempt to correct the deficiency.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

## V. ORDER

Plaintiff's Motion to Strike (Dkt. 22) is **DENIED AS MOOT**. Because Plaintiff's First Amended Complaint fails to sufficiently allege facts to survive Defendant's Rule 12(b)(1) and 12(b)(6) motion, the Court does not need to consider Defendant's supplemental evidence (Dkts. 19, 21).

**SO ORDERED**.

SIGNED this 13th day of May, 2014.

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE